# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-10-082-RAW |
| | ) | |
| GEORGE WICKLIFFE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the court is the defendant's motion for order to clarify judgment and to correct federal records. Defendant pled guilty to one count of drug conspiracy (21 U.S.C. §846) and was sentenced to 188 months imprisonment on May 26, 2011. As the government notes in its response, the motion could be interpreted as one under 28 U.S.C. §2255 or as one under 18 U.S.C. §3582(c).

Initially, as the government also notes, on page 4 of the plea agreement, the defendant waived his right to bring a motion for relief under either provision.[*] The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez,* 372 F.3d 1204, 1207 (10th Cir.2004). In evaluating the enforceability of a waiver, the court must determine (1) whether the disputed proceeding falls within the scope of the waiver (2) whether the defendant knowingly and voluntarily waived his right to engage in the proceeding and (3) whether enforcement of the waiver would result in a miscarriage of justice. *See United States v. Hahn,* 359 F.3d 1315, 1325 (10th Cir.2004).

In determining whether the disputed issue falls within the scope of the waiver, the court

---

[*]The waiver is itself subject to waiver by the government if it is not invoked. *See United States v. Calderon,* 428 F.3d 928, 930-31 (10th Cir.2005). Here, the government has invoked the waiver as to a possible §2255 motion.

begins with the plain language of the plea agreement. *United States v. Anderson,* 374 F.3d 955, 957 (10th Cir.2004). Here, the plea agreement (#49) expressly states that defendant "waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. §2255, except for claims based on ineffective assistance of counsel which challenge the validity of his guilty plea or this waiver." (Waiver of Appellate and Post-Conviction Rights, (d)). Additionally, "the defendant waives the right to have the sentence modified pursuant to 18 U.S.C. §3582(c), except for a rule [sic] 35(b) motion filed by the government." Id., (e). The defendant's motion clearly asks that his sentence be modified and therefore it falls within the scope of the waiver.

As to the second prong, the court has reviewed the language of the plea agreement and listened to a recording of the plea hearing conducted by Magistrate Judge Shreder. In both, it is clear that defendant knowingly and voluntarily entered into the waiver.

Finally, enforcing a waiver results in a miscarriage of justice only if (1) the court relied on an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings. *Hahn,* 359 F.3d at 1327. Defendant bears the burden of showing that one of these factors is met. *Anderson,* 374 F.3d at 959. Defendant has made no argument as to any of these factors and the court independently finds none of them exist in the case at bar. Accordingly, the court finds that the defendant's waiver should be enforced and the motion (to the extent it could be construed as one pursuant to 28 U.S.C. §2255) dismissed on that basis.

In any event, the court agrees with the government that any motion pursuant to 28 U.S.C. §2255 would be barred by the one-year statute of limitation set forth in §2255(f). Any such motion

had a deadline of June 11, 2012 and defendant's motion was not timely filed.

As noted, defendant also executed a waiver as to any motion pursuant to 18 U.S.C. §3582(c). The government, however, "elects not to assert a waiver defense based on departmental policy." (Response at 10 n.3). Therefore, the court will consider the motion to the extent it is construed as one under §3582. The government has demonstrated that the PSR utilized in sentencing applied the 2010 amendments to the Sentencing Guidelines and the post-FSA (Fair Sentencing Act) penalties. Thus, defendant is not entitled to sentence modification because there was no change to the Guidelines made <u>after</u> his sentencing. *See United States v. Herrera-Garcia,* 422 F.3d 1202, 1203 (10th Cir.2005).

It is the order of the court that the motion of the defendant (#66) is hereby DENIED.

**ORDERED THIS 5th DAY OF JUNE, 2013.**

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma